IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | COMPLAINT<br>JURY TRIAL DEMANDED |
| Court of Common Pleas of Allegheny County, Fifth Judicial District of Pennsylvania, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Carolyn J. Pittman.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Court of Common Pleas of Allegheny County, Fifth Judicial District of Pennsylvania ("Allegheny County Common Pleas Court"), has continuously been the Pennsylvania state court of general jurisdiction for Allegheny County, Pennsylvania and is an instrumentality of the state of Pennsylvania.

5. At all relevant times, Defendant Allegheny County Common Pleas Court has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least March 28, 2012, the Defendant Allegheny County Common Pleas Court has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania facility, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). Defendant discharged Carolyn J. Pittman on or about March 28, 2012 because of her age.

8. On or about February 7, 2012, Carolyn J. Pittman (then age 70) was assigned by a staffing agency to work for Defendant.

9. Pittman was employed by Defendant from approximately February 14, 2012 to March 28, 2012.

10. Defendant's employee Lisa Moore was responsible for training Pittman to perform certain duties and for directly supervising Pittman's work.

11. While Pittman was still in training with Moore, Moore complained that Pittman was too old to work in the department and complained that Pittman couldn't see well enough because she was too old.

12. While Pittman was still in training with Moore, Moore also complained to Defendant's managers about Pittman, claiming that Pittman made too many errors.

13. The allegation that Pittman made too many errors, or that her performance was otherwise unacceptable, was a pretext and was based on the biased perception that Pittman was too old to work in the department.

14. Although Pittman was still in training, Defendant decided to discharge her based on the perception that Pittman was too old to adequately perform the job and the pretext that Pittman made too many errors.

15. On March 28, 2012, Defendant told the staffing agency that Pittman had to be removed from her job with Defendant.

16. Later that day, Defendant told Pittman to call the staffing agency, which she did. Pittman was then advised that she had been terminated from her job with Defendant because Defendant's scanning project was over.

17. Defendant's scanning project was not over and that purported justification for Pittman's termination was a pretext.

18. Pittman was replaced by at least one much younger worker.

19. After Pittman's discharge, the staffing agency advised Defendant of Pittman's complaint that Defendant terminated her because of her age.

20. After learning of Pittman's age discrimination complaint, Defendant questioned certain employees about Pittman.

21. During the course of the employee interviews, Defendant attempted to exaggerate Pittman's purported deficiencies, to minimize Moore's pronouncement that Pittman was too old to work in the department, and to further develop pretext to support the discharge and conceal the true, discriminatory, reason for Pittman's termination.

22. The effect of the practices complained of in paragraphs 7 – 21 above has been to deprive Carolyn J. Pittman of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

23. The unlawful employment practices complained of in paragraphs 7 – 21 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Allegheny County Common Pleas Court, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discharging individuals and in limiting or classifying its employees, because of such individuals' or employees' age.

B. Order Defendant Allegheny County Common Pleas Court to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals

40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Allegheny County Common Pleas Court to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Carolyn J. Pittman.

D. Order Defendant Allegheny County Common Pleas Court to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Carolyn J. Pittman.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington, DC

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
EEOC Regional Attorney
Philadelphia District Office
debra.lawrence@eeoc.gov

KATE NORTHRUP
EEOC Supervisory Trial Attorney
Baltimore Field Office
kate.northrup@eeoc.gov

JEFFREY A. STERN
Senior Trial Attorney
/s/ Jeffrey A. Stern
Jeffrey A. Stern (Ohio Bar No. 0020107)
jeffrey.stern@eeoc.gov

EEOC, Cleveland Field Office
AJC Federal Building
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
(216) 522-7458
(216) 522-7430 (fax)