# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, FIFTH JUDICIAL DISTRICT OF PENNSYLVANIA <br><br> Defendant. | Civil Action No. 14-899 <br> Hon. Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's, United States Equal Employment Opportunity Commission ("EEOC"), Motion for Protective Order. (Docket No. 34). The EEOC requests the Court issue a protective order from Defendant's, Court of Common Pleas of Allegheny County ("Defendant"), Notice of Deposition of Mark Delledonne, (Docket No. 34-1), an EEOC investigator. (Docket No. 34). The parties submitted briefing, (Docket Nos. 34, 36, 38), and the Court heard oral argument on the Motion on Thursday August 6, 2015 via telephone, (Docket No. 39). The Motion is now ripe for disposition.

I. **BACKGROUND AND PROCEDURAL HISTORY**

The EEOC brought this lawsuit on behalf of Carolyn J. Pittman ("Pittman"), a former employee of Defendant, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626. (Docket No. 1). Through a staffing agency, Pittman worked at the Court of Common Pleas for Allegheny County from approximately February 14, 2012 to March 28,

1

2012 when Defendant discharged her. (*Id*. at ¶¶ 8-9). The EEOC alleges that "Defendant decided to discharge her based on the perception that Pittman was too old to adequately perform the job and the pretext that Pittman made too many errors." (*Id*. at ¶ 14).

On May 8, 2015 the Court held a Telephonic Post Fact Discovery Conference. (Docket No. 28). The parties indicated that all discovery had been completed with the exception of Mark Delledonne's deposition. (*Id*.). The parties deposed a total of ten fact witnesses, including Ms. Pittman.[1] (Docket No. 34 at 3). Among the documents produced, the EEOC turned over its investigative file. (*Id*.). Unsatisfied with this, Defendant sought the deposition of the investigator, Mr. Delledonne, which it noticed on April 9, 2015. (Docket No. 34-1). The EEOC filed this Motion for Protective Order on July 13, 2015, after having conferred with counsel for Defendant. (Docket No. 34).

## II. MOTION FOR PROTECTIVE ORDER

The EEOC's Motion lays out three grounds in support of granting a protective order: (1) lack of relevance; (2) lack of independent knowledge; and (3) undue burden. (*Id*. at 7). Plaintiff argues first that the investigator's deposition would not be relevant to the claims and defenses of the case because the EEOC will try its case *de novo* at trial and the EEOC met its obligation of attempting conciliation prior to filing the lawsuit, a fact which Defendant concedes. (*Id*. at 4-5). It goes on to point out that Defendant has not provided a reason for wanting to depose Delledonne besides a concern that Ms. Pittman's deposition was "all over the place." (*Id*. at 4-5). The EEOC also avers that Delledonne has "no recollection of facts from the investigation independent of what is already in the charge file." (*Id*. at 5). The EEOC provided affidavits from both Delledonne and counsel for the

---

[1] The Court notes that, while parties in civil cases are generally limited to ten (10) depositions, the Case Management Order in this case states that "[f]or good cause shown, more than 10 depositions may be taken." (Docket No. 22).

EEOC, Jeffrey Stern, attesting to same. (Docket Nos. 34-3, 34-4). Lastly, the EEOC argues that deposing Delledonne would impose an undue burden since it would be a waste of time, the investigator has a busy caseload, and a deposition would likely be slowed down by difficult objections based on the governmental deliberative process privilege.[2] (Docket No. 34 at 6-7).

In response, Defendant cites the broad range of discovery available under Rule 26 and argues that the EEOC has not shown good cause for granting a protective order. (Docket No. 36). Defendant further argues that EEOC investigators should not be immune from depositions in cases brought by the EEOC. (*Id*. at 5-6). At oral argument, counsel for Defendant explained that it sought the testimony of Delledonne to support its defense that Ms. Pittman was not able to satisfactorily perform her job duties. (Tr. 6:19-22, 7:6-11, 11:14-24).[3]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows for parties in civil lawsuits to seek the production "of any matter, not privileged, that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevant evidence is generally defined as evidence having "any tendency to make a fact [of consequence to the litigation] more or less probable than it would be without the evidence . . ." FED.R.EVID. 401. While the scope of Rule 26 is quite broad, the Court may issue a protective order barring discovery that would impose an "undue burden" if the party seeking the protective order can demonstrate good cause. FED.R.CIV.P. 26(c)(1). The party seeking a protective order bears the burden of demonstrating good

---

[2] The deliberative process privilege protects material that is part of the "process by which a government agency formed a decision or policy" and is "pre-decisional" and "deliberative." *Delaware Riverkeeper Network v. Delaware River Basin Com'n*, 300 F.R.D. 207, 211 (D.N.J. 2014) (citing *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007)).

cause for granting such an order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Lopez v. CSX Transp., Inc.*, 2015 WL 3756343, at * 2 (W.D.Pa. 2015). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Norfolk Southern Ry. Co. v. Pittsburgh & West Virginia R.R.*, 2013 WL 6628624 at *2 (W.D.Pa. 2013) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

**IV.    ANALYSIS**

The parties' briefs contain much discussion regarding whether or not EEOC investigators should be immune from giving depositions in cases brought by the EEOC. *See generally* (Docket Nos. 36 at 3-4, 38 at 4-5). While the case law where courts have permitted the depositions of EEOC investigators is "all over the map," Defendant is correct that there is no categorical bar. *Compare EEOC v. Unicom Elec., Inc.*, 2003 U.S. Dist. LEXIS 28900 (C.D.Cal 2003) (granting motion to quash a subpoena to depose the EEOC investigator as duplicative because the EEOC turned over the investigation file) *and EEOC v. Venator Group*, 2000 U.S. Dist. LEXIS 12153 (S.D.N.Y. 2000) (not allowing deposition of EEOC investigator on the grounds that defendant had not presented a reason why doing so was likely to lead to additional evidence that had not already been turned over and the deposition would be complicated by difficult objections regarding the deliberative process privilege) *with EEOC v. Greater Metroplex Interiors, Inc.*, 2009 U.S. Dist. LEXIS 11968 (N.D.Tx. 2009) (denying EEOC's motion for a protective order for attempted deposition of investigator on the grounds that the EEOC should not be allowed to evade discovery that a private plaintiff could not) *and EEOC v. Airborne Express*, 1999 U.S. Dist. LEXIS 1751 (E.D.Pa. 1999) (same). However, as

---

[3] All citations to "Tr." refer to the Court's rough draft transcript of the August 6, 2015 Hearing.

the EEOC points out, it does not argue that there should be such a categorical bar. *See generally* (Docket No. 38 at 2) Instead, its Motion for Protective Order is based on the applicability of Rule 26 to this particular case. *See* (*id.*) ("The issue is not whether EEOC, as a government agency, is entitled to a special dispensation against any depositions of its employees. The issue is whether EEOC has established that it is entitled to a protective order pursuant to 26(b)(2)(C)(1-111) . . .").

The EEOC argues that Defendant has not provided a reason for needing to depose Delledonne and that doing so would not yield relevant evidence since he has no independent knowledge apart from what is in the charge file. (Docket No. 34 at 4-5). At oral argument, however, Defendant's counsel indicated that she wanted to depose the investigator in order to bolster the defense that Ms. Pittman was not sufficiently competent to do the job by showing that she was in a state of confusion when meeting with the EEOC and was unable to keep the facts of her termination and different EEOC forms straight. (Tr. 6:19-22, 7:6-11, 11:14-24). In the Court's estimation, deposing Delledonne for this purpose would be relevant to Defendant's defense that Ms. Pittman was fired for poor job performance. As noted above, both the coverage of Rule 26 and the definition of relevance are quite broad. *See* FED.R.CIV.P. 26(b)(1); *see also* FED.R.EVID. 401. Furthermore, Defendants in employment discrimination cases can prevail if they can show that the real reason for the termination was poor job performance. *See Horvat v. Forbes Reg'l Hosp.*, 184 Fed.Appx. 216 (3d Cir. 2006) (upholding district court's grant of summary judgment in a Title VII and ADEA case where defendant offered evidence that the motivation for the termination was plaintiff's poor job performance and plaintiff failed to set forth sufficient facts to show that explanation was a pretext); *Cellucci v. RBS Citizens, N.A., et al.*, 987 F.Supp.2d 578 (E.D.Pa. 2013) (granting summary judgment in an ADEA case for the same reason). If Delledonne's testimony shows that Ms. Pittman

was unable to keep facts and paperwork straight while meeting with the EEOC shortly after her termination, such evidence would potentially bolster Defendant's claim that the same characteristics prompted her termination.

Additionally, the Court is not convinced that allowing Defendant to depose Delledonne would impose an undue burden on the EEOC. The Court understands that EEOC investigators, like many public sector employees, maintain a heavy caseload. However, Mr. Delledonne works in the EEOC's Pittsburgh office, located just two blocks from defense counsel's office. (Tr. 5:21-22). While the EEOC attorney in this matter, Jeffery Stern, is based in Cleveland, the EEOC has other attorneys in Pittsburgh should Mr. Stern be unable to make the drive.[4] Counsel for Defendant also represented at oral argument that she did not anticipate the deposition lasting longer than two hours. (Tr. 8:6). As long as Defendant sticks to questions relating to Ms. Pittman's dealings with the EEOC and refrains from asking questions regarding the EEOC's decision-making process, difficult deliberative process privilege objections should be avoidable. Permitting Defendant to depose Delledonne would not appear to impose a particularly harsh burden on the EEOC with these parameters in place.

## V. CONCLUSION

In its discretion, the Court finds that Defendant has sufficiently demonstrated that Mr. Delledonne's testimony may be relevant to its defense and that the EEOC has failed to show that it would suffer an undue burden if the deposition is allowed to go forward. While the Court will place a time limitation on the deposition, the EEOC has not shown good cause for granting a protective order.

---

[4] The deposition could also be accomplished with Mr. Stern participating via video conference or telephone.

AND NOW, this 3rd day of September, 2015, for the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order, (Docket No. 34), is DENIED and Defendant shall be permitted to depose Mark Delledonne. Said deposition shall be scheduled forthwith.

IT IS FURTHER ORDERED that the duration of the deposition shall be limited to a total of two (2) hours. Further, given counsel for Defendant's proffer underlying her request for this deposition, she shall not ask questions relating to the EEOC's actual decision-making process.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record